# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8538 | **DATE** | 9/23/2002 |
| **CASE TITLE** | KM vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Motion of defendant United States of America to dismiss plaintiff's complaint [4-1] is granted. Case dismissed.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 24 2002 | |
| | Notified counsel by telephone. | | date docketed | 10 |
| | Docketing to mail notices. | | G.Y. | |
| ✓ | Mail AO 450 form. Mailed by MD. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9/23/2002 | |
| | | | date mailed notice | |
| MD | courtroom deputy's initials | | MD | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# ORDER

Plaintiff LM, as father and next friend on behalf of KM, a minor, filed a complaint against the United States of America ("United States") under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* (the "FTCA"), for the alleged negligence of Unknown Supervisor(s) of the United States Postal Service ("USPS"). The United States moves to dismiss the complaint.

The standards for a motion to dismiss are well-known and need not be repeated here. In brief, the facts of the complaint allege that a USPS mail carrier, Leslie Tucker ("Tucker") who was employed by the USPS from sometime prior to 1990 (as early as 1979) to sometime after August 11, 1998 had a long history of using his status as a mail carrier to sexually molest minor girls (several incidents had been reported to the USPS over the years, including by police), and that sometime in 1990 around the time of one complaint, the USPS took him off his Richton Park, Illinois mail carrier duties, only to reassign him to the Park Forest route several years later, and it was on that route that he molested KM. The complaint alleges the USPS and its unknown supervisor(s) knew or should have known of the danger Tucker posed and had a duty, which they breached, to warn and/or protect the public, including plaintiff, about Tucker. The complaint alleges defendants' negligence based on (1) the USPS' status as in the business of delivering the mails into neighborhoods, which necessarily entails work in and about persons' homes and frequently amongst children (Compl. at ¶¶ 21-22); (2) negligence and recklessness in its hiring, screening, and retaining of Tucker (*id.* at ¶ 23); and (3) an affirmatively undertaken duty to keep Tucker out of neighborhoods when the USPS removed Tucker from his mail route duties. (*Id.* at ¶ 24.)

The United States contends the complaint should be dismissed under Rule 12(b)(1), Fed. R. Civ. P., on the ground that 28 U.S.C. § 2680(h), excepts plaintiff's claim from the government's waiver of sovereign immunity and this court's jurisdiction. It also contends that the Unknown Supervisor(s) should be dismissed since the only proper defendant in an FTCA suit is the United States. Taking the latter argument first, the government is correct that the individual supervisors are not proper defendants and that the only proper defendant in a suit under the FTCA is the United States. *See Hughes* v. *United States*, 701 F.2d 56, 58 (7th Cir. 1982) ("Under the [FTCA] . . . the action must be brought against the United States."); *Cappas* v. *Dobbins*, No. 00 C 8277, 2001 WL 322000, *1 (N.D. Ill. Apr. 2, 2001) (Plaintiff named "wrong defendants, suing individual federal employees, while the only proper defendant in an FTCA suit is the United States.").

With respect to jurisdiction, the FTCA provides for suits against the government "for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). But this grant of jurisdiction is qualified by section 2680(h), which states that, "The provisions of . . . section 1346(b) . . . shall not apply to - * * * [a]ny claim arising out of assault, battery [or other specified intentional torts.]" 28 U.S.C. § 2680(h). The parties agree that *Sheridan* v. *United States*, 487 U.S. 392 (1988), and *Doe* v. *United States*, 838 F.2d 220, 223 (7th Cir. 1988), control this case and at least strongly imply that when the cause of action against the government is not based on the employment relationship, *i.e.* a negligent supervision or *respondeat superior* claim, but on a breach of a separate legal duty, section 2680(h) does not bar the claim. (*See* Def.'s Mot. to Dismiss at 3-4; Pl.'s Resp. at 2.) They also are in agreement that under Illinois law there is generally no duty to protect against the criminal attack by a third person, unless the attack is reasonably foreseeable and there exists a "special relationship" between the defendant and victim (such as common carrier-passenger; innkeeper-guest; business inviter-invitee; custodian-protectee) or the defendant has voluntarily or contractually undertaken a duty to protect. (*See* Def.'s Mot. to Dismiss at 6 (citing *Charleston* v. *Larson*, 297 Ill. App. 3d 540, 696 N.E.2d 793, 797 (1st Dist. 1998); Pl.'s Resp. at 4 (citing *Petersen* v. *U.S. Reduction Co.*, 267 Ill. App. 3d 775, 641 N.E.2d 845 (1st Dist. 1994)).

Another judge of this court recently dealt with a nearly identical set of facts involving this same Tucker in *Ryan* v. *United States*, 156 F. Supp. 2d 900 (N.D. Ill. 2001). There the court rejected a negligent supervision claim and a claim based on Tucker's familiarity with the residents on his route. To distinguish *Ryan*, plaintiff now disavows his negligent supervision theory and relies on his having pled that the government voluntarily undertook to prevent Tucker from using his mail carrier position to molest children on his route (Resp. at 3, citing Compl. at ¶¶ 21-23), and undertook a duty to prevent future molestation by temporarily removing Tucker from his mail carrier position, which it breached by negligently reassigning him. (*Id.*, citing Compl. ¶¶ 24, 15-18, 25.) Thus, he argues his case is unlike *Ryan* and like *Sheridan* and *Doe*. In the end, either theory resolves again to negligent supervision. Plaintiff can cite no precedent for the postal service (or any analogous entity) having a special relationship imposing a duty to protect the public along its delivery routes. To the extent he pleads a "Good Samaritan" duty, likewise, plaintiff cites no precedent supporting the imposition of a duty of care based on mere knowledge of a danger to the public. This court agrees with *Ryan* and adopts the reasoning therein as dispositive of this case. Thus, the court grants the government's motion to dismiss [#4].

